57 So.2d 692 (1952)
220 La. 811
HARRELL
v.
STUMBERG et al.
No. 40408.
Supreme Court of Louisiana.
February 18, 1952.
*693 Durrett & Hardin, Kermit B. Guidroz and Harry J. Kron, Jr., all of Baton Rouge, for plaintiff-appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants-appellees.
PONDER, Justice.
The plaintiff has appealed from a judgment rejecting his demand for the specific performance of a contract to sell and purchase real estate.
Mrs. Nancy Coleman Stumberg, individually and as agent and attorney in fact for her co-owners, entered into an agreement, on September 24, 1946, with Knox & Amiss, realtors, wherein she gave them an exclusive listing and employed them as the exclusive agent for a period of ninety days to sell 650 acres of land, more or less, located in the Parish of East Baton Rouge. She authorized the realtors to sign any binding agreement of sale for her account and to receive the necessary deposit. It was provided therein that she would pay a commission of 5% of the purchase price of any sale negotiated during the term of the contract. At the left-hand side, near the bottom, of the contract, the words, "Sale to be on actual acreage survey," appear. There is some dispute as to whether these words were written on the contract prior to its confection or whether they were subsequently written thereon. The relators secured a prospective buyer on September 27, 1946, three days after the property was listed with the realtors, and on that date the plaintiff, the prospective purchaser, submitted a written offer to purchase the property for the sum of $35.00 per acre. The pertinent provisions contained in this written offer are, viz.: One-half of the mineral rights reserved by the seller; survey to be made and cost to be equally divided between buyer and seller; act of sale to be passed before Harry Kron, Notary, within 30 days at expense of purchaser; that if the offer is accepted the deposit of $2,000.00, as part of the purchase price, will be deposited with the realtors; that in event title is not valid and cannot in reasonable time and at reasonable expense be made valid, the contract shall be null and void without prejudice to the commission which is earned upon acceptance of the offer; that this offer remains *694 binding and irrevocable until October 27, 1946. There is a dispute as to whether the provision as to the survey was written in the contract before it was signed or afterwards. On the same day Mrs. Stumberg signed a written acceptance of the offer and agreed to pay the commission of the realtors. The plaintiff did not take title to the property within the thirty-day period fixed in the contract. On October 31st, four days after the thirty-day period had elapsed, the attorney for the plaintiff, by letter, suggested to Mrs. Stumberg certain curative work on the title to the property. Upon receipt of this letter, Mrs. Stumberg immediately notified the plaintiff, by letter, that she did not feel bound by the contract. The plaintiff instituted these proceedings on July 17, 1947, seeking specific performance of the contract. After various exceptions had been filed and disposed of, the suit was tried on its merits. The lower court rejected the plaintiff's demand for the specific performance of the contract and he has appealed.
The contract to purchase and sell the real estate specifically provides that title must be passed within thirty days. It also provides that the offer remains binding and irrevocable until October 27, 1946, thirty days from the date that the contract was entered into. These provisions are clear and unambiguous and show without question or doubt that time was the essence of the contract and that the contract was only binding for a period of thirty days. This time limit placed on the contract was contained in the offer submitted by the plaintiff which was accepted by Mrs. Stumberg. This court has repeatedly held that a contract to purchase and sell real estate is not valid unless given in writing and that an extension of the time stipulated for passage of title to property in a written contract to purchase and sell real estate must also be in writing. The most recent decisions to this effect are the cases of Lamar v. Young, 211 La. 837, 30 So.2d 853; Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868 and Hoth v. Schmidt, 220 La. 249, 56 So.2d 412.
The appellant contends that the provision, "Survey to be made and cost to be equally divided between buyer and seller," indicates the intention of the parties that title was to be passed after the survey had been completed. In view of the time limit fixed, not once but twice, in the contract at thirty days, the contention cannot be accepted. If the parties had intended that title would be passed upon completion of the survey, it would have been so stated in the contract and the provisions that the title should be passed within thirty days and the contract was binding for thirty days would not have been incorporated therein.
The appellant contends that the defendants are estopped by their actions, words and conduct, and the actions, words and conduct of the realtors, their agent, from denying that the thirty-day clause was waived. Inasmuch as this is a contract to purchase and sell real estate, any extention of the time for the performance of the contract must be in writing. Title to real estate cannot be established by estoppel. A contract to sell or purchase same cannot be established by estoppel. An extension of time contained in a contract to sell and purchase real estate cannot be established by estoppel. Di Cristina v. Weiser, supra.
The appellant contends that since the realtors had an irrevocable listing agreement from the landowner for a ninety-day period that they had full authority to take any action they desired, looking to a sale on those terms and conditions including the modification or extension of the thirty-day clause in the contract, so long as they took action within the ninety days, irrespective of the thirty-day period in the contract to sell. In the first place, the realtors did not give an extension of the time in writing. However, had they done so it would have been of no avail because the realtors did not elect to contract with the plaintiff. The realtors brought the prospective purchaser and seller together and were instrumental in their entering into the contract. Such being the case, the listing agreement is of no moment. This case must be decided on the contents of the contract to sell and purchase. Its terms are clear and explicit as to the time within which title must be accepted. The plaintiff having defaulted *695 by failing to take title within the time specified or secure an extension of such time in writing, cannot now be permitted to enforce the contract.
For the reasons assigned, the judgment is affirmed at appellant's cost.
HAMITER, J., concurs in the decree.
HAWTHORNE, J., takes no part.