McBRIDE, Judge.
This was a petitory action involving a small piece of property forming the corner of South Galvez and Toledano Streets, adjoining Lot No. 1 of Square No. 455, Fourth District of New Orleans. The plaintiff was in possession and claimed ownership; he alleged that Warren Realty Company, Inc., and the City of New Orleans were slandering his title and laid claim to the property; that Warren Realty Company, Inc., recorded a certain inscription against the property which cast a cloud on his title; that said rec-ordation is null and void; that said defendant claimed to have acquired its right of ownership by reason of the fact that it had bid the sum of $1,400 for the said portion of land at a public auction held by the City of New Orleans. The plaintiff prayed that he be decreed to be the sole owner of the property and that the objectionable recordation be cancelled and erased from the Conveyance Office.
The City of New Orleans answered claiming ownership and denying that Warren Realty Company, Inc., ever acquired any rights in the property. The city prayed that its ownership be recognized and that the inscription filed by the Warren Realty Company, Inc., in the Conveyance Office be decreed null and of no effect.
Warren Realty Company, Inc., first filed a plea of estoppel which will be discussed more in detail hereinafter. The plea was overruled in the lower court, and then said defendant filed its answer setting forth its claim of ownership and praying that it be decreed the owner of the property and the City of New Orleans be ordered to accept the price thereof, $1,400, which is the amount bid for the property by Warren Realty Company, Inc., at the public sale held by the city.
The case was tried on the issues thus drawn and judgment was rendered in favor of the plaintiff against both defendants recognizing his ownership of the property and directing the cancellation of the inscription Warren Realty Company, Inc., had recorded against the property. Both the defendants appealed to this court.
The appeal was duly prosecuted before us and we handed down an opinion and decree in the case affirming the judgment appealed from. See La.App., 84 So.2d 737.
We specifically held that the City of New Orleans had absolutely nothing to offer at the auction sale and, as a corollary, Warren Realty Company, Inc., could buy nothing, the sum total of which is that they had no interest to assail plaintiff’s title. We believed that conclusion rendered it unnecessary for us to discuss the plea of estoppel in *480 terposed by Warren Realty Company, Inc., which had been overruled in the lower court.
Warren Realty Company, Inc., then applied to the Supreme Court for a writ of certiorari or review directed to us, but the writ was denied by the court with the comment it found “no error of law in the judgment complained of.”
.On May 1, 1957, about a year after the writ had been refused by the Supreme Court, Warren Realty Company, Inc., filed in the lower court what it terms an action of nullity by means of which it seeks to have the judgment of the lower court, which was affirmed by us, declared null, void and without effect, and for the trial of the original case de novo, and for an ultimate judgment decreeing Warren Realty Company, Inc., to by owner of the property, etc. The petition for nullity of the judgment alleges, among many other things, that Felix H. Kuntz was the record owner of the property involved in the suit and that he transferred his title to plaintiff, Hal E. Wiggs, with an ulterior motive in mind, that being that if Wiggs appeared as the record owner he would, under established Louisiana law, be immune from the effects of any estoppels and equities which Warren Realty Company, Inc., might have successfully urged against Kuntz if he were the record owner. It is further averred that subsequent to the termination of the original litigation in Wiggs’s favor, he retransferred the property back to Kuntz. The import of the petition is that whereas the plea of estoppel could not be successfully urged against Wiggs in the petitory action, it can now be urged as Kuntz is presently the record owner of the property, and that the judgment should be annulled -and the case reopened.
The plea of estoppel is grounded on allegations that the City of New Orleans was the actual owner of the strip of property in question and that Kuntz, before the original suit was filed, had unsuccessfully attempted on many -occasions after numerous discussions to have the representatives of the city recognize his claim to the strip of property; that finally it was agreed at the suggestion of Kuntz and with his full consent and approval, as attested to by many letters, that the City would, under a suitable ordinance adopted by its Commission Council, offer the strip of ground for sale as surplus city property at public auction for a minimum price, of not less than $1,300 cash; that it was well understood between Kuntz and the city that •Kuntz would bid in the said strip of ground .at the public sale so that the property would be adjudicated to him in order to remove all doubt as to the legality of Kuntz’s title and ownership; that at the public offering of the property Warren Realty Company, Inc., outbid Kuntz by offering $1,400 for the property, and that ultimately the city declined to recognize the adjudication to Warren Realty Company, Inc., and refused to part with any rights it had in the property; that Kuntz in having the city offer the. property at said public sale and in bidding for the property thereat necessarily abandoned his claim of ownership and is effectively estopped from claiming title. The petition further sets forth in effect that in view of the connivance between Wiggs and Kuntz whereby the latter placed title to the property in the name of the former for the purposes of the suit, it would be inequitable, unjust and unfair to allow the judgment Wiggs obtained in these proceedings to stand.
To the lengthy petition, the pertinent allegations of which we have briefly narrated above, Wiggs and the City of New Orleans, who, together with the Register of Conveyances, were made defendants in the action of nullity, interposed the exceptions of no right of action, no cause of action and res judicata, and Wiggs’s exceptions were maintained by the court below and the action of nullity was dismissed as to him. Warren Realty Company, Inc., has perfected this appeal from the judgment.
Notwithstanding the elaborate brief filed by appellant and the importunings of its attorney in argument, we think exceptions to the action in nullity filed by Wiggs were •properly maintained by the coürt below.
*481 1. The petition does not disclose a cause or right of action. We held in our former opinion herein that the City of New Orleans had absolutely nothing to offer at the auction sale and it followed that Warren Realty Company, Inc., could buy nothing from the city, which meant that Warren Realty Company, Inc., acquired no interest in the property. This being so, Warren Realty Company, Inc., has not the right or cause to assail plaintiffs judgment. Code of Practice art. 15 provides in part:
“An action can only be brought by one having a real and actual interest which he pursues, * *
Moreover, Warren Realty Company, Inc., cannot inquire into any dealings between Wiggs and Kuntz.
It is apparent that Warren Realty Company, Inc., seeks to establish title to the property by pleading estoppel and waiver against Kuntz. Warren Realty Company, Inc., never acquired any deed from Kuntz, who was the record and actual owner. It is elemental that title to realty cannot be established by waiver or estoppel; one can never be divested of his title to realty except in some manner prescribed by the law. Koerber v. City of New Orleans, 228 La. 903, 84 So.2d 454; Bishop v. Copeland, 222 La. 284, 62 So.2d 486; Harrell v. Stumberg, 220 La. 811, 57 So.2d 692; Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; Buckley v. Catlett, 203 La. 54, 13 So.2d 384; Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Snelling v. Adair, 196 La. 624, 199 So. 782.
2. The plea of res judicata is likewise well founded. All issues which are now attempted to be raised by way of the action in nullity were fully passed upon and adjudicated by us in our former opinion adversely to the pretensions of Warren Realty Company, Inc. It is true we did not discuss the plea of estoppel other than to say we deemed it unnecessary to pass upon the plea, but it is well settled in our jurisprudence that the silence of the judgment upon any part of a demand that might be allowed under pleadings is a rejection of that part thereof and such tacit rejection has the force and effect of res judicata against a subsequent suit for that part of the demand the court had so rejected. LSA-C.C. art. 2286; C.P. art. 539; Edenborn v. Blacksher, 148 La. 296, 86 So, 817; Fisher v. Rollins, La.App., 86 So.2d 710.
The judgment appealed from is affirmed.
Affirmed.