ELLIS, Judge.
This is an eviction suit. To the plaintiff’s-petition, defendant filed an answer, in the-form of a general denial, coupled with an “affirmative defense”. The affirmative defense alleges an oral promise to donate the property on which defendant was residing, allegedly made by plaintiff’s deceased husband. Plaintiff then filed a. motion for judgment on the pleadings,, which was maintained by the trial court. From this judgment, defendant appealed, devolutively.
The only documents before the Court are-the petition and answer. The petition alleges that plaintiff owns the subject property; that defendant is staying thereon-without any right whatsoever; that plaintiff never agreed to such occupancy; that defendant never paid any rent; and that, plaintiff’s attorney wrote defendant on July 9, 19.65, by certified mail, giving him notice-to vacate the premises, but that defendant refused to accept the letter. The letter is-referred to as being attached to the petition,, but does not appear in the record.
The relevant parts of the answer read as-follows:
“I.
Defendant denies the allegations in-Articles I through VI of plaintiff’s petition.
“II
“Defendant further alleges this is an-affirmative defense based upon special pleadings as follows, to wit:
“III.
“Jack Alexander, later deceased, and Sarah Williams Alexander, his wife, gave the defendant herein, David Bates, verbal permission to build a new home on a piece of property, with the understand *187 ing that Jack Alexander would grant to David Bates a deed to the property or a ■donation to the property surrounding his house. The property was the separate property of Jack Alexander.
"IV.
'“Jack Alexander, at the time this agreement was made, or soon thereafter, was in bad health, and his illness went from bad to worse, resulting eventually in his death, before the donation or deed could be made. In the interest of equity and justice, David Bates is entitled to a deed to the property on his place, or the heirs of Jack Alexander owe him the moving fee in the event he had to move his house.”
Apparently, the decision of the District Court was based on the proposition that 'the affirmative defense could only be proved by parol evidence, which would not be admissible, in which case, the affirmative defense would fail, and plaintiff would be entitled to the relief prayed for.
In his brief, appellant takes the position that he has alleged an equitable estoppel. There is no authority in this state for the creation of title by this means. As stated in Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962):
“ ‘It has long been a fundamental principle deeply embedded in our law and jurisprudence that title to realty cannot he established by waiver or by estoppel; for one can never be divested of his title to realty except in the manner prescribed by law,’ such as by deed, inheritance, or prescription. Koerber v. City of New Orleans, 228 La. 903, 84 So.2d 454. See, also, Gibson v. Pickens, 187 La. 860, 175 So. 600; Nielson v. Haas, La.App., 192 So. 716; Snelling v. Adair, 196 La. 624, 199 So. 782; Waterman v. Tidewater Associated Oil Company, 213 La. 588, 35 So.2d 225; and Harrell v. Strumberg, 220 La. 811, 57 So.2d 692.”
The law is also quite clear that a donation must be made by authentic act. Article 1536 of the Civil Code provides as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immoveable property, [of slaves] or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
To the extent that the affirmative defense was found to be invalid, the judgment of the trial court is correct.
However, the Court overlooked the nature of the procedural vehicle utilized by the plaintiff. Article 965 of the Code of Civil Procedure reads as follows:
“Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.”
No evidence was taken and no affidavits were filed. No stipulations of fact were filed in the record.
Since the defendant denied all of the allegations of fact in plaintiff’s petition, they cannot be considered as true. There are, therefore, no facts before the Court on which to base a judgment of eviction.
This Court has no alternative but to reverse the judgment of eviction and remand the case for trial on the merits.
Reversed and remanded.