CHASEZ, Judge.
Plaintiff in this action is Myrtle E. Schneider, widow of Benjamin F. Cruell, a resident of and domiciled in the City of McComb, Mississippi. The defendant is the Parish of Jefferson, hereinafter referred to as the Parish. The suit involves a demand for compensation by Mrs. Cruell, as the owner of land taken and used by the Parish of Jefferson for a highway right of way. The Parish incorporated in its answer to the suit a third party demand against Palmer & Baker, Inc. and Palmer & Baker Engineers, Inc., hereinafter referred to as Palmer & Baker, the surveying firms which had done the land survey for the Parish in connection with the building of the highway.
All pertinent factual issues were stipulated to by all parties and the case was decided on briefs in lieu of trial. Judgment was rendered in favor of Mrs. Cruell, against the defendant Parish, for $19,500.00. The third party demand of the Parish against tht surveyors was dismissed without prejudice. The Parish has prosecuted this appeal.
The third party defendants, Palmer & Baker, answered the appeal of defendant Jefferson Parish and prayed that the judgment of the court a qua be amended and modified to:
1. Dismiss the third party demand of the Parish of Jefferson against Palmer & Baker, third party defendants, with prejudice; and
2. Amend the judgment appealed from by decreasing the amount allowed plaintiff-appellee, Myrtle E. Schneider, widow of Benjamin F. Cruell from $19,500.00 to $450.00; and that as thus amended, the said judgment be affirmed and appellant be condemned to pay the costs.
These facts are clear:
Plaintiff owned and was in civil possession of the following described property on the 30th day of November, 1954.
“Those certain pieces or portions of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that part thereof known as Athania Place Annex, being a subdivision of a one arpent tract East of Shrevsbury, Metairie, Louisiana, described as follows:
“Lot No. 355 measuring twenty-five (25') feet front on Hullen Street, twenty-five (25') feet in width in the rear, by a depth between equal and parallel lines of one hundred sixty-three (163') feet, and that portion of Lot No. 354 adjoining said Lot No. 355 measuring four (4') feet front on Hullen Street, ten and seventeen hundredths (10.17') feet in width in the rear, by a depth of one hundred sixty-three (163') feet on the side adjoining Lot No. 355 and a depth on the Cyprus Street side of one hundred sixty-three and twelve hundredths (163.12') feet; the whole in accordance with a survey *606 made by J. J. Krebs & Sons, Surveyors, dated August 29, 1958.
“Myrtle E. Schneider, widow of Benjamin F. Cruell, inherited this property from her brother, John P. Schneider; judgment recognizing and decreeing her owner thereof was signed in the Succession of John P. Schneider, No. 364-678 of the Civil District Court for the Parish of Orleans, State of Louisiana, and registered in COB 464, Folio 688, of the records of Jefferson Parish.
“The said John P. Schneider acquired said property, along with other property, from Edward Nathan by act before Allen Raymond Beary, Notary Public, dated June 21, 1918, registered on July 15, 1918, in COB 43, Folio 311, of the records of Jefferson Parish.”
The Parish undertook the construction within the Parish of that roadway known as Veteran’s Highway. It commissioned Palmer & Baker to do, among other things, the preliminary land survey work. Using the surveys supplied by Palmer & Baker the Parish bought the land it thought was needed for the roadway. However because of an error in these surveys the Parish purchased the wrong piece of property in one area. Therefore when the highway was actually built, the above described section of property belonging to the plaintiff was used. This left the Parish in the position of purchasing an extra piece of property which it did not use, and using a piece of property which it did not purchase. This occurred on November 30, 1954. Plaintiff had no knowledge whatsoever that the Parish had taken possession of her property until August 25, 1958. On that date Mrs. Cruell became aware of the action of the Parish when she was so informed by her own surveyors who were doing work for her preparatory to a sale of the property by her to a third party under a contract to sell which she executed on August 18, 1958. She filed this suit on January 22, 1962, demanding compensation for her property, said compensation to be fixed at the fair market value of the property as of August 25, 1958.
It is the Parish’s position that the amount of compensation, if any is due, is to be fixed as of November 30, 1954, when the plaintiff’s- property was actually “taken”. Further, by third party petition, the Parish asked for indemnification from Palmer & Baker for any judgment the Parish might be condemned to pay.
Palmer & Baker answered the third party demand by contending that in no event could the Parish show damage, and that to grant the third party demand would be to allow the Parish to become unjustly enriched.
The stipulated fair market value of Mrs. Cruell’s property as of November 30, 1954 is $444.44, while as of August 25, 1958 and November 11, 1962 [the latter date being the date issue was joined in this suit] the value is stipulated to be $19,500.00. The property purchased by the Parish by mistake, hereinafter referred to as the “Wood property”, cost the Parish $444.44, and its stipulated fair market value as of August 25, 1958 was at least $19,500.00.
It is noted that Mrs. Cruell is not attempting to claim that she can now compel the Parish to relinquish her property, nor is the Parish now claiming that it is the owner of this property. In fact it stipulated that the Parish has no deed or other documentary title to the property. All parties acknowledge however in their briefs and argument before this Court that the Parish has acquired a valid servitude on the property by virtue of LSA R.S. 48:491[1]. Fur *607 ther it is agreed that Mrs. Cruell has not l'en compensated for her property which has been used by the Parish for the highway.
The real point of contention is which date should be legally used to determine the value of the property. Plaintiff contends that this date should be when she first discovered that her land has been taken August 25, 1958, or when the Parish answered her suit, November 11, 1962, while the Parish sets the date as of the time of the actual taking, November 30, 1954.
Before we reach a consideration of this problem however we must deal with a plea of prescription which is urged by the Parish. It contends LSA R.S. 9:5624 [2] should apply in this situation and that the prescription of two years should now bar plaintiff’s suit.
This contention is disposed of by the rationale of the Supreme Court in A. K. Roy, Inc. v. Board of Commissioners, 237 La. 541, 111 So.2d 765 (1959). There the Supreme Court stated:
“In support of the plea of two year prescription in the lower court, defendant relied on the provisions of R.S. 19:2.1, subd. B, Article 2630 of the Civil Code, and R.S. 9:5624; but, apparently conceding the correctness of the trial judge’s ruling that R.S. 19:2.1, subd. B and Article 2630 R.C.C., are applicable only to actions for damages and claims resulting from a legal expropriation of land, defendant, in this court, relies solely on R.S. 9:5624. This section is equally in-apposite to the case at bar, since, by its very language, it applies only ‘when private property is damaged for public purposes,’ but not to actions for the recovery of the value of property taken for public purposes.”
Although the Court did not specifically state which prescriptive period should apply we think there is ample authority for the application of LSA C.C. art. 3544[3]. Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686 (1941) and cases cited therein.
Returning then to the main issue involved in this suit, that is the date to be used to determine compensation due plaintiff, we find little assistance in the applicable statutory authority. LSA-R.S. 48:493 simply states, in pertinent part:
“Any person through whose land a public road is laid out may claim a just compensation therefor. *****”
******
Plaintiff bases her claim on the case of Koerber v. City of New Orleans, 228 La. 903, 84 So.2d 454 (1955) where a very similar factual situation appears. There plaintiff owned a section of land which was taken without expropriation or sale by the City of New Orleans in 1941, without plaintiff’s knowledge, for the construction of Moisant Airport. The City simply unintentionally failed to obtain her property through expropriation or sale but did actually use it for the airport. In 1946 the plaintiff was first made aware of this situation by the City. In 1949 she instituted suit for the property and in 1951 the City answered her suit incorporating a plea for expropriation.
The court stated it was1 faced with a choice of selecting either 1941 or 1951 as the year as of which the value of the property should be fixed. After a review *608 of all the pertinent jurisprudence, and after holding that the general rule is that in these cases the value is as of the date of the actual entry, possession, occupancy and use by the defendant, the court decided that 1951 was the proper date to use in considering the value of this property. The court held that since the defendant did not attempt to lawfully expropriate the property until it answered plaintiff’s suit in 1951, the date of this lawful expropriation should be controlling.
The defendant on the other hand relied upon the later case of A. K. Roy, Inc. v. Board of Com’rs for Pontchartrain L.D., 238 La. 926, 117 So.2d 60 (1960). Again a similar situation was present, that is a taking without legal formalities in 1949, and a subsequent suit and answer incorporating a demand for expropriation in 1958. In holding that 1949 was the proper date to consider, the court distinguished the earlier Koerber case in this way:
“Under the particular facts of this case, the rule of the Koerber case is not controlling, and we think applicable instead the jurisprudence holding in effect that where a property owner, zvith full knowledge that its property has been taken possession of by a public body for the purpose of constructing public works, stands by without resistance or complaint, as was the case here, considerations of public policy require that the owner shall not be permitted to reclaim its property but shall be restricted to a claim for compensation for the value of the property taken and for damages to adjacent land, if any, determined as of the date of the taking.” Emphasis ours.
It is clear then that Koerber has vitality in a situation, as is present here, when the initial taking occurs without notice to and without the knowledge of the property owner. While we realize that in the case before us defendant has not asked for expropriation in its answer, but relies on its alleged servitude rights, we do not find that this fact alone should remove this case from the application of the Koer-ber rule. The crux of the Koerber decision was that there was actually no lawful taking until the City asked for the right to expropriate in its answer to plaintiff’s suit. In the case herein there has been no showing that there has ever been a lawful taking, that is that the Parish of Jefferson ever attempted to comply with the formalities of R.S. 48:491 et seq., in regard to using the Cruell property. In fact the inference is from the stipulations herein, that the Parish of Jefferson has simply been content to rely on a legislatively protected right to the property, without complying with the formalities of the law. Certainly in such a situation the Parish should not be considered to be in a better position than was the defendant in the Koerber case, supra.
While we do not have a date of lawful taking on which to set the time for evaluation herein, clearly the earliest date which should be selected can only be the date the plaintiff gained knowledge of the taking. The stipulated value of the property on this date and in fact on the date issue was joined in this suit some four years later, is $19,500.00. Consequently we find that, as did the district court, this was the correct amount to be awarded to the plaintiff herein.
Finally we reach a consideration of defendants’ third party demand against its surveyors Palmer & Baker. The Parish contends that it is entitled to an indemnification from Palmer & Baker for any judgment which it is called upon to pay to plaintiff. The Parish bases its contention upon the theory that since the surveyors made the mistake which caused the Parish to illegally take the plaintiff’s property without purchasing it, the surveyors should be ultimately liable for any judgment in favor of plaintiff.
With this there seems to be no serious disagreement. However it is at this point that difficulties arise. Palmer & Baker contend that as the Parish was acting under *609 their advice when it purchased the “wrong” piece of property, the Wood property, the value of the Wood property to the Parish should be taken into consideration when deciding this third party demand. Otherwise, Palmer & Baker contend, the Parish would be receiving indemnification on the one hand for $19,500.00 for the surveyors’ mistake, while retaining the fruits of this mistake, stipulated to be worth at least $19,500.00.
There is some question as to whether or not the Wood property is actually worth this stipulated amount to the Parish. The act of sale from Wood to the Parish contains a clause whereby the Parish agrees that if any portion of the Wood property is ever sold, Wood shall have the right to purchase it for the sum of $.0823 per square foot, an amount considerably less than its current stipulated value.
The trial court apparently agreed that this Wood property should be considered in determining the amount of indemnification, if any, due t.he Parish by Palmer & Baker. However because of the uncertainties presented by the redemptive clause in the Wood Act of Sale, and as Wood was not himself a party to the suit, the trial judge held that the amount of the Parish’s loss could not be determined in this suit at this time, and dismissed the third party demand without prejudice.
In its reasons for judgment the Court states:
“The stipulation filed in the record sets forth the pertinent facts. The Court permitted the Parish to amend the stipulation to the extent of filing in evidence a copy of its acquisition from Frank B. Wood. This document reveals that there may be a question as to the value of the Wood lot to the Parish.
“Plaintiff first ascertained that the Parish had taken her property and built a roadway on it shortly after she signed an agreement to sell the property to a third person, on August 18, 1958. The stipulated market value at all pertinent times was $19,500.00. Plaintiff sustained a loss when she ascertained the Parish had wrongfully taken her property, thereby depriving her of an opportunity to defend the expropriation suit. It is unnecessary to refer to the agreement to sell for the amount of her loss, as the stipulated value is in the record.
“Due to the re-purchase clause in the Wood act, the failure to the Parish to tender its interest in the Wood property to the third party defendant, and the fact that Wood is not a party to this suit, the Court is unable at this time to adjudicate the third party demand as the loss, if any, of the Parish as a result of the mistake of the third party defendant has not been established. The third party demand is, therefore, dismissed without prejudice.”
We are in full agreement with the findings of the Court a qua in this regard.
The record discloses that Wood is not a party to this suit, and certainly an adjudication of any rights Wood has should not be made under the circumstances.
In the interest of justice we agree with the Court that the third party demand should be dismissed without prejudice so that the matter might be settled by all affected parties acting at arms length in a proper proceeding.
For the reasons herein set forth the judgment of the Court a qua is affirmed. Plaintiff’s costs shall be borne by third party defendants, Palmer & Baker, Inc., and Palmer & Baker Engineers, Inc.
Affirmed.

. LSA R.S. 48:491 provides in pertinent part as follows:
“All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish *607 or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may 1^6** H* :l* ‡ ‡

. LSA R.S. 9:5624 provides:
“When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained. Added Acts 1950, No. 421, § 1.”

. LSA C.C. art. 3544 provides:
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”