STOULIG, Judge.
This appeal concerns a dispute arising out of a contract to purchase realty. On October 22, 1977, Robert T. De Francesch entered into an agreement to purchase a house to be constructed by George A. Celia, III, doing business as Celia Development Corporation, on property owned by Celia designated as Lot 8, Square H, Sequoia Street, Kenner, Louisiana. The agreement stated the house was “ * * * to be constructed according to plans and specs, of house at # 64 Woodlake with changes on attached addendum.” The contract further provided the sale was to be passed on or before April 30, 1978.
During the course of construction a dispute arose between the prospective purchasers and the contractor-owner as to the use of materials in the home to be furnished by the purchasers. On April 13,1978, plaintiffs, Robert and Maria De Francesch, filed suit seeking a temporary restraining order and a preliminary injunction prohibiting defendant Celia from using any wallpaper, lighting fixtures, flooring materials and range top other than those furnished by plaintiffs. Pending the hearing on the preliminary injunction, on April 14, 1978 a temporary restraining order issued to this effect, conditioned upon plaintiffs’ furnishing a $500 bond. A hearing on the preliminary injunction was held on April 24, 1978 and in due course a writ of preliminary injunction was granted on April 26, 1978 *79 upon the plaintiffs’ furnishing security in the amount of $500. On May 2, 1978 the judgment granting the preliminary injunction was amended to change the phrase “lighting fixtures” to “remaining lighting fixtures.” No bond was set in the supplemental and amending judgment.
After the first judgment was signed and prior to the signing of the second one, the offer to purchase the property expired.[1] By its own terms the act was to be passed on or before April 30, 1978. Therefore the propriety of issuing the preliminary injunction has become moot by the failure of the parties to extend their agreement in writing. Not only must the contract to purchase realty be in writing, but any subsequent agreement that extends the time for performance must also be reduced to writing. Harrell v. Stumberg, 220 La. 811, 57 So.2d 692 (1952), and Wells v. Spears, 255 So.2d 215 (La.App. 1st Cir. 1971).
Once the contract expired, plaintiffs had no interest in the manner of construction of the residence or any right to enforce the terms of the agreement. Therefore under C.C.P. art. 927, the plaintiffs have no right of action and this suit must be dismissed.
Defendant further contends this court should adjudicate whether he is entitled to claim damages for the wrongful issuance of a temporary restraining order. A motion to dissolve the temporary restraining order was filed in the trial court but there was no evidence adduced and the record fails to indicate the motion was considered.
There is nothing for us to review on this issue and any statement by the court in connection therewith would be premature.
For the reasons assigned, this suit is dismissed with prejudice on an exception of no right of action. Plaintiffs are to pay all costs of this appeal.

APPEAL DISMISSED.

. The restraining order was issued six days prior to the expiration of the contract to sell and purchase; the preliminary injunction four days before said expiration; and the amended judgment two days after the expiration date.