JANVIER, Judge.
This is an action in boundary, and because of the most unusual shapes of the two pieces of property which are involved, it is difficult to describe them with sufficient clarity to enable the reader of this opinion to understand just what is the controversy between the two parties.
The plaintiff owns a piece of unimproved real estate described as Lot 9 in the square which is now numbered 652 of the Sixth District of New Orleans and was formerly Square 84 in Rickerville. This lot, according to title, measures 4(7 2" on Clara Street, 15(7 in depth on its upper side, 15(7 6" in depth on its lower side, and 27' 10" .2" in width in the rear. The upper boundary of the square in which this lot is located is Jefferson Avenue, formerly Peters Avenue, and the street on the other side of the square, parallel to Clara Street and about 3(77 from Clara Street, is Willow Street. The fourth street, Soniat Street, which is approximately parallel with Jefferson Avenue, does not form the boundary of the square as it was originally located but forms the boundary of the square which is composed of the original square No. 84 of Rickerville and Square No. 103 of Avart, which is the section immediately below Rickerville. The line which separated these two squares is known as the Rickerville-Avart line, and it is conceded that the lower boundary of plaintiff’s property and the upper boundary of defendant’s property is this Rickerville-Avart line. Both properties front on Clara Street, plaintiff’s property being on the upper side of the Rickerville-Avart line, and defendant’s property being on the lower side of it. And this entire controversy arises over the question of where the Rickerville-Avart line should be properly located.
It is the contention of plaintiff that where this line intersects Clara Street it should be placed at a distance of 198' 2" .0" from the corner of Jefferson Avenue, and it is the *171 contention of defendant that if it is so placed, the result will be that his property, where it fronts on Clara Street, will be approximately 22' narrower than his titles call for.
It seems to be conceded that defendant’s titles call for a frontage on Clara Street of approximately 22' greater than the frontage of approximately 19' 10" .3" which the various surveys show as his frontage.
There can be no doubt that if defendant is entitled to the entire frontage on Clara Street, which he claims, and plaintiff is also entitled to the entire frontage to which, according to its title it is entitled, then both cannot be accommodated for the very simple reason that the entire frontage on Clara Street between Jefferson Avenue and Son-iat Street is inadequate by about 22' to accommodate these two titles and those others in that square which border on Clara Street.
Counsel for defendant, realizing that defendant’s property is located entirely below the Rickerville-Avart line, maintains that that line has, been improperly located by previous surveys and that it is improperly located by the surveyor, E. L. Eustis, who was appointed by the Civil District Court to fix the boundary in this matter. However, should it be held that the Rickerville-Avart line should be located where defendant contends it should be, there would result an entire upsetting of a condition which seems to have existed on that line for many years. The line, as it was located by Eustis, the surveyor appointed by the Court, is almost exactly in the same position in which it was found to be by all other surveyors who have attempted to locate it. In fact it is said by Mr. Eustis that his survey is more favorable to defendant by four inches than is the survey of Gilbert 'and Kelley, surveyors, which was made in 1938.
Though the sketches of this survey of Gilbert and Kelley shows that it was made at the request of John Cook, who is the defendant here, counsel for Cook deny that it was made at his request. In stating his reasons for locating the line where his survey shows it to be, Mr. Eustis, the survey- or, appointed by the Court said :
“In 1876, * * * this property was practically a swamp. Since that date to fully seventy-five years later the City of New Orleans has gone in and they have paved Peters Avenue, they have paved Soniat Street, they have paved Clara and have paved Willow Sreet. Between those streets, as the City has actually paved, the measurements áre absolutely accurate irrespective of what any other map made seventy-five years ago may show; and this survey, besides being predicated on the general acceptance of all surveyors of the Rick-erville-Avart line, is also in accord with the decisions of the Civil District Court made some years ago and upheld' by the Court of Appeals and the Louisiana Supreme Court, and the title of the case was Hero versus Provosty.”
The case to which Mr. Eustis referred was, in fact, Provosty v. Clark, 11 La.App. 147, 119 So. 763, 764, and in that case we discussed a somewhat similar situation in which, between two streets as they are ac-ually located, the frontage was not so divided as to accommodate the measurements of all the title-holders. It appeared that if the title-holders were all located in accordance with their titles, many of the boundary lines between properties would have passed immediately under already located and established improvements. Plolding that in such a situation we should ’ accept the actual boundaries of the squares rather than those theoretical ones which might be set forth in old titles, we said:
“It seems undisputed that the Daney plan is wrong in many minor details, and if that entire section were redivided and re-laid out, in accordance with that plan, almost every square and almost every street would have boundaries slightly different from those now actually existing. To apply the Daney plan to that particular square in question, and to require that all boundaries in that square be relocated in accordance with that plan, would be disastrous. It is fair to presume that, if the boundary in question here is established in accordance with that plan, *172 each affected property owner in the square would insist on the relocation of his boundary. If this were done, some of the 'boundaries would be placed either where actual improvements exist now, or so near to actual improvements as to require their removal.”
Counsel for defendant after stating that he has no dispute with the conclusion reached by us in Provosty, v. Clark, supra, maintains that the same situation does not exist here and that no property lines would be disturbed should the Rickerville-Avart line be located in accordance with the demand of. defendant, except that between the property of defendant and that of plaintiff. We cannot agree with counsel on this as a study of the various surveys shows that, should the line be moved where it intersects Clara Street, it would be necessary to move the entire line, and this would seriously alter all of the boundaries of the properties which touch that line on either side, between Clara and Willow Streets. And furthermore, it would so reduce the distance from the Rickerville-Avart line to Jefferson Avenue that none of the properties between that line and Jefferson' Avenue could accommodate the title measurements. The result of this would be the reduction of the depth of all of the lots fronting on Jefferson Avenue, with the additional result that the several garages at the rear of those properties would constitute encroachments on the properties located between those properties which front on Jefferson Avenue and the Rickerville-Avart line. It must be conceded that it has 'been held that a party in a boundary action cannot, make the contention that if the line op, one side of his property is altered, it might require that he encroach on the property- on the other side. Duplessis v. Lastrapes, 11 Rob., La., 451. However, for the reasons given by us in Provosty v. Clark, supra, we cannot overlook such a situation.
Since there can be no doubt that all surveys agree, except that the Eustis survey is more favorable to defendant than is the Gilbert and Kelley survey, and since confusion would result should any re-location •of that line be made, and since it is conceded that no part of defendant’s property should be located above that line, it follows that the judgment approving the prcices verbal of the surveyor, in which he located that line as he did, must be affirmed.
At the time the suit was filed it was alleged that there was a shed on the defendant’s property which encroached upon the plaintiff’s property. We are told that this improvement, if it may be called such, has now been removed and that that encroachment no longer exists.
The fee of the surveyor was fixed at $150., and in view of his testimony as to the amount of work which was involved and the out-of-pocket expenses to which he was put, we think that this allowance was proper.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
REGAN, J., takes no part.