290 So.2d 381 (1974)
NEW ORLEANS PUBLIC SERVICE, INC.
v.
JET CAB CO., INC., et al.
No. 6025.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Chaffe, McCall, Phillips, Toler & Sarpy, Gustave A. Manthey, Jr., New Orleans, for plaintiff-appellant.
Pitard, Pitard & Porobil, Robert F. Pitard, New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
This is an appeal by plaintiff from a judgment awarding to it only court costs against defendants, Jet Cab Company, its driver and its insurer. Plaintiff sought to recover the cost it incurred in repairing its vehicle after an accident caused by defendant's negligence.
Defendants stipulated liability, but as to damages, the trial judge maintained an objection to the proffered testimony of plaintiff's cost accountant to the effect that he had received two estimates of the damage, chose the lower one and paid the bill.
This left plaintiff with only the testimony of its driver to the effect that the truck was damaged and describing generally the nature and extent of the damage. The trial judge opined that the testimony of the individual who made the repairs was indispensable to plaintiff's case and denied plaintiff's motion for a continuance in order to be enabled to produce that witness.
Plaintiff's position is supported by Gallioto v. Chisholm, 126 So.2d 63 (La.App. 4th Cir. 1960), where this Court held:
"In proving her automobile damages the plaintiff offered no witness other than *382 herself. She filed in evidence the itemized, receipted bill of a local automobile repair establishment in the amount of $170.50 and testified that she had paid the bill and that the same had been incurred by her as the result of the damages occasioned by the accident. There being no evidence to the contrary, nor any reason to disbelieve the witness, we are of the opinion that this is sufficient proof of the damages to her car."
In this case the combination of the testimony of plaintiff's driver and that of the cost accountant would have the same effect as the testimony of the plaintiff in the cited case and would be sufficient to prove plaintiff's damages.
But plaintiff's record is deficient in that the two estimates and the receipted bill from local repair establishments were not proffered in evidence but only found their way into the record as attachments to plaintiff's memorandum in support of its application for a new trial. Since the documents were not offered in evidence defendants had no opportunity to defend against them. Therefore, in order to do justice in the case it should be remanded to the trial court. See Carr v. Williams, 145 So.2d 611 (La.App. 4th Cir. 1962) and Romero v. Melancon, 72 So.2d 570 (La. App.Orl.1954).
The other issue raised by plaintiff is that of attorney's fees and costs in connection with a "Request For Admission Of Facts" served before trial by plaintiff upon defendant pursuant to LSA-C.C.P. Art. 1514. Such facts were whether the driver of the cab was employed by Jet Cab Company; was he in the course and scope of his employment; was this particular cab owned by Jet Cab Company, was the driver traveling on Felicity Street prior to the collision; and did he fail to stop at a stop sign on Carondelet Street. Defendant simply denied these facts under oath. At the beginning of trial, after plaintiff had prepared to establish such facts, defendants stipulated to their liability, thereby admitting the original facts requested to be admitted.
After trial, plaintiff applied for, but was denied, an order requiring defendant to pay for expenses incurred in securing and developing evidence to prove the particular facts requested to be admitted. In an affidavit annexed to the motion plaintiff's expenses are itemized and total $166.
The trial judge's dismissal of the motion under the circumstances was erroneous. LSA-C.C.P. Art. 1514 says:
". . . Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made." (emphasis added)
The record is devoid of any reason to justify defendants' response to plaintiff's request and none has been shown in this Court. One purpose of pre trial discovery is to promote the efficient administration of justice in courts by reducing procedural technicalities and gamesmanship of counsel. Where, as in this case, the very purpose of the law is frustrated by a failure to comply with the rules, the penalty should be applied against the transgressor.
Accordingly, that part of the judgment denying its motion for expenses incurred to prove facts requested to be admitted is reversed. In that connection defendants are condemned to pay plaintiff the sum of $166. That part of the judgment awarding plaintiff court costs only is also reversed. The matter is now remanded to permit plaintiff or defendants to offer evidence in connection with repair to plaintiff's vehicle consistent with the views expressed herein.
Reversed and remanded.