332 So.2d 489 (1976)
NEW ORLEANS PUBLIC SERVICE, INC.
v.
CHECKER CAB COMPANY and J. C. Kennedy.
No. 7448.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
*490 Chaffee, McCall, Phillips, Toler & Sarpy Wiley G. Lastrapes, Jr., New Orleans, for plaintiff-appellee.
James G. Maguire, New Orleans, for defendants-appellants.
Before LEMMON, SCHOTT and MORIAL, JJ.
LEMMON, Judge.
This is a suit for damages against the owner and the driver of a taxicab which allegedly struck and damaged plaintiff's street light pole. After defendants' answer denied all allegations, plaintiff filed a request for admissions of fact. Defendants responded by admitting ownership and driver's status, but objected to certain of the requests, including a request to admit the cab struck the pole, on the basis that this was a controverted legal issue. When ordered by the court to respond to the request, defendants denied the fact.
At the trial plaintiff presented the investigating officer, who testified that upon arriving at the scene he found the cab adjacent to the pole, which had been knocked down on the neutral ground. He further testified that the driver admitted striking the pole, first stating that he had fallen asleep but later denying the statement.
At the conclusion of the trial plaintiff's counsel moved, pursuant to C.C.P. art. 1514, that the court order payment of reasonable expenses and attorney's fees incurred in proving the fact which defendants had denied under oath after being served with a request to admit the truth of the fact.[1]
The trial court rendered judgment for the amount of damages proved and for $100.00 as attorney's fees for gathering and presenting proof of the fact that the cab had struck the pole. Defendants appealed, questioning only the award of attorney's fees.
The matter of fact, which plaintiff requested defendants to admit, was one of substantial importance that plaintiff was required to prove in order to make out a prima facie case. Because of the denial it was necessary to locate and produce the investigating officer. Defendants did not show any reasons why the fact could not have been admitted or denied, or why they ultimately denied the fact that the cab struck the pole. Neither did they show they had reasonable grounds to believe they might prevail on this particular factual matter at trial. They simply responded with an unqualified denial, although the truth of the fact was undoubtedly within defendants' knowledge.
The purpose of sanctions against parties who unjustifiably resist discovery is to make the discovery articles effective. C.C.P. art. 1496 was designed to require the admission of facts which ought not to be disputed at trial, so as to eliminate the time, trouble and expenses of proving uncontroverted facts. Voisin v. Luke, 249 La. 109, 191 So.2d 503 (La.1966); Hudson v. Maryland Cas. Co., 241 So.2d 567 (La.App.2nd. Cir. 1970). C.C.P. art. 1514 makes the admissions procedure workable by imposing the cost of proof upon the litigant who improperly refuses to admit a matter. See 8 Wright and Miller, Federal Practice and Procedure § 2290 (1970), discussing Federal Rule 37(c).[2] See also New Orleans Public Service, Inc. v. Jet *491 Cab Co., Inc., 290 So.2d 381 (La.App. 4th Cir. 1974).
We conclude the trial court properly ordered the defendants to pay expenses and attorney's fees for unjustified failure to admit the fact the cab had struck the pole.
Finally, defendants contend plaintiff failed to prove the amount of expenses and attorney's fees.
The policeman was produced solely to prove this fact (after which defendants had the burden of proceeding with evidence to exculpate themselves from liability for striking the pole.) The record revealed that plaintiff subpoenaed the policeman three times and was required to obtain continuances of the first two trial dates specifically because the policeman was unable to attend court on the dates scheduled. While itemized proof of expenses and of hours charged by the attorney might have justified a higher award,[3] the record as presently constituted supports the award which was made.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] C.C.P. art. 1514 provides:

"If a party, after being served with a request under Article 1496 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the geninueness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."
[2] Rule 37(c), as amended in 1970, applies not only to sworn denials, but to any failure to admit.
[3] Plaintiff's counsel informed us that the trial judge ruled on his motion before he introduced his prepared list of expenses.