345 So.2d 960 (1977)
John W. CHENEVERT
v.
LOUISIANA STATE DEPARTMENT OF HIGHWAYS.
No. 7708.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
Rehearings Denied May 17, 1977.
Johnie E. Branch, Jr. and William W. Irwin, Jr., Baton Rouge, Jesse S. Guillot, New Orleans, for State of Louisiana, Dept. of Highways, defendant-appellant.
Steven F. Griffith, New Orleans, for John W. Chenevert, plaintiff-appellee.
Frederick R. Bott of Deutsch, Kerrigan & Stiles, New Orleans, for Palmer and Baker Engineers, Inc., third-party defendant-appellee.
Before SAMUEL, BOUTALL and MORIAL, JJ.
BOUTALL, Judge.
This is an action filed by John W. Chenevert for compensation for property taken without formal expropriation by the State of Louisiana in the construction of Interstate Highway 10 in Jefferson Parish. From a judgment of the trial court rendered in favor of the plaintiff, the defendant appeals.
The first issue is where Mr. Chenevert's property actually lies in relation to the highway. This question of location arises because, as testified to by the surveyors in *961 this case, the actual physical measurement of the subdivision in which Chenevert's lots are located, Ponte Vista Subdivision, is less than the measurement on the corresponding plat map of the subdivision by some 55 feet in north-south length. This results in encroachment of Ponte Vista Subdivision into the subdivision abutting it in the rear, Lake Villas Subdivision, so that there is an overlapping of the last several northernmost lots in Ponte Vista over the southernmost lots of Lake Villas Subdivision. It is important to note that Chenevert's lots are not in this overlap or encroachment area. However, because of the error, if one locates Chenevert's lots by measuring north from the beginning of Ponte Vista Subdivision and the streets and squares laid out therein, his lots are partly under the Interstate 10 right-of-way. Conversely, if one measures south from the suggested actual line of Ponte Vista coincident with the line of Lake Villas, Chenevert's lots are outside of the right-of-way. The latter is what the surveyor for the Highway Department did. Such a survey had the effect of granting full rights of ownership to those last several lots in Ponte Vista within the contested area, and arbitrarily throwing the burden of the subdivision conflict on Chenevert's lots, either eliminating half of his property, or placing it under the adjoining paved, established street.
The state has sought to excuse itself from imposing this unconscionable burden upon Chenevert by asserting that Chenevert should have somehow caused a proration to be made of the survey error by prorating the error amongst all of the lots in the subdivision, and (recognizing the ridiculousness of that argument) by alternately alleging that proration should be made amongst those undeveloped lots in the last section of the subdivision. We cannot conceive why this should be Chenevert's burden. The State hired the engineering firm of Palmer & Baker, Inc. to make the surveys in this area in the years 1957 and 1958 for the purpose of locating the proposed right of way, in order to determine which property was needed for highway purposes. The surveyor was aware of the survey error at that time and yet chose to ignore the situation, not even notifying the Department of Highway land acquisition section that there was a problem. If there is any fault to arise for lack of provoking a proration of the survey error amongst the property owners, it is upon the Highway Department surveyor and not Chenevert. It is also to be noted that in the period of 1964 through 1968 the Parish of Jefferson employed the engineering firm of J. J. Krebs to lay out the streets and squares in the undeveloped portion of Ponte Vista Subdivision and that this has been accomplished with paved streets, etc. being installed. Any proration from that time forward is impossible.
As we view the situation in this case, although it is complicated by the efforts of the Highway Department to excuse itself from liability, the taking of Mr. Chenevert's property has resulted from its erroneous location by the Palmer & Baker surveyor in locating Chenevert's lots, not from some established point within Ponte Vista Subdivision, but from a determination that it was proper to locate Chenevert's lots by starting from the established line of Lake Villas Subdivision and measuring backwards into Ponte Vista Subdivision, entirely disregarding the survey error in Ponte Vista which he knew to be present.
The trial judge in his reasons for judgment made the following findings:
"The court further holds that in any event, because of the fact that the lots in this subdivision were sold over a period of many years, that the subdivision has been substantially built up through the years all the way to Canal No. 5, and that requiring proration be applied in this case, would drastically affect homes, streets and would result in other chaos. This court concludes that the decision of Provosty v. Clark, [11 La.App. 147], 119 So. 753, [763] (Orl.App.1929) and those many other cases citing that decision are controlling and that this court accepts those decisions and practices followed by the surveyors and engineers in this area who adopt the policy that when there is *962 an error made (which was never clearly shown in this case) the engineers or the surveyors will start from the built up section and then work from that point toward the rear. See Bernard [Co.] v. Cook, 59 So.2d 170 ([La.] Orl.App.1952); Wiggs v. Warren Realty [Co]., 84 So.2d 737 ([La.] Orl.App.1952); Lucas v. Asset Realization Co., 51 So.2d 653, [652] ([La] Orl.App.1951); Weathersby v. Hogsett, [17 La.App. 1], 131 So. 511 and 133 So. 391 (Orl.App.1931) and others. In addition to this, since it was shown that the Highway Department has had ample opportunity to discover this error many years before and has never done so, it certainly can't now come into this court in this case and complain about an error being made 50 years before."
We affirm the trial judge's finding that Chenevert's land was improperly taken, and he is entitled to be compensated for its loss.
Having now decided that the Interstate Highway does in fact lie upon the land of the plaintiff, we move to a consideration of the amount of compensation Chenevert should receive for its taking. The trial court awarded plaintiff the market value of the land as of the date suit was filed in 1971 in the sum of $25,818.10. Under the circumstances of this case, we are of the opinion that the proper time of valuation of the property is March 20, 1967, which is the date of the first knowledge that Chenevert had that his land was taken, and is coincident with the actual taking of the land.
Chenevert had been the owner of the property some time prior to the time work was started in the vicinity for the Interstate Highway. There is no precise evidence in the case when this land was actually being used for highway purposes, but the work was progressing in 1966 and 1967 and the project was accepted in 1968. Chenevert obtained knowledge of his property being used by way of a notice from the tax assessor that the property had been taken from the tax rolls under his name. He thereupon made inquiry of the Department and some negotiations ensued. Because of the illness of his attorney, suit was delayed in being filed.
We are referred to our decision in the case of Cruell v. Jefferson Parish, 216 So.2d 604 (La.App.4th Cir. 1968). In that case the landowner was awarded the value of the property taken which was stipulated to be the same at the time of the knowledge of the taking as it had at the time of the trial. That case pointed out the difference in the application of the principles announced by the Supreme Court of Louisiana in the cases of Koerber v. City of New Orleans, 228 La. 903, 84 So.2d 454 (1965) and A. K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 238 La. 926, 117 So.2d 60 (1960). This difference in application of the principles relating to time of assessing a valuation of the property taken is further discussed in the case of Reddel v. State of Louisiana through the Department of Highways, 340 So.2d 1010 (La.App. 4th Cir. 1976). Under a similar factual situation there concerning time of taking, knowledge and filing of suit, we held that neither case was entirely controlling of the circumstances there presented and held that the time of knowledge was the controlling factor for the valuation of the property. In our case, as in the A. K. Roy, Inc. case, the time of taking and the time of knowledge are basically the same, but in our case the time of knowledge can be fixed with more preciseness.
As a result of the taking, Mr. Chenevert lost a total of 7,337.6 sq. ft. from his lots. Plaintiff's appraiser testified that the valuation at this time was $1.00 per square foot, and that there was $120.00 consequential damage to the property not taken. The testimony of the appraiser for the Department of Highways agrees that under R-3 zoning the valuation would be $1.00 per sq. ft., and we agree that R-3 zoning is the proper basis for the determination. We award plaintiff the sum of $7,457.60 for compensation.
Finally, appellant has raised the issue of prescription, asserting that the plaintiff's suit was untimely filed. In accordance with the decisions in the cases of *963 Cruell, supra, and Reddel, supra, the proper prescriptive period is 10 years, which would begin to run from the date of knowledge of the taking. That date is March 20, 1967 and suit was filed on December 10, 1971. Plaintiff's suit was timely filed.
For the reasons expressed above, we amend the judgment of the trial court to reduce the award from $25,818.10 to $7,457.60, with legal interest from March 20, 1967 until paid, and as thus amended we affirm the judgment appealed from.
AMENDED AND AFFIRMED.