383 So.2d 425 (1980)
James Harlan POWELL
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana, and Joseph J. Janusa.
No. 10926.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1980.
Rehearing Denied May 22, 1980.
*427 William W. Irwin, Jr., Baton Rouge, and Jesse S. Guillot, New Orleans, for defendant-appellant Dept. of Highways.
Roger M. Denton, Metairie, for plaintiff-appellee.
SAMUEL, SCHOTT and HOOD (Assigned),[*] JJ.
SCHOTT, Judge.
James Harlan Powell brought this suit against the Louisiana Department of Highways (now the Department of Transportation and Development) and Joseph J. Janusa on a "petition to institute boundary action and for damages." He alleged: He had been the owner of Lots 6 and 7 of Square 204 in Kenner Project Subdivision, Jefferson Parish, since August, 1954, and on November 2, 1959, he sold to the Department a portion of Lot 7 for its incorporation into Interstate Highway 10 between New Orleans and Baton Rouge. By survey dated March 23, 1976, he discovered that the Department had "encroached upon" his property consisting of the remainder of Lot 7 as well as a part of Lot 6 by the construction of a fence and placing monuments for the right-of-way line for the highway. Joseph Janusa, the owner of Lot 5, was made a defendant as a necessary party to the determination of a boundary. He further alleged:
"To the extent that defendants, State of Louisiana and Department of Highways, have encroached upon petitioner's property, petitioner is entitled to recover damages for trespass, and to injunctive relief ordering the removal of the fence placed upon his property."
He prayed for the appointment of a surveyor, "fixing the boundary lines of the respective properties;" and "judgment . . . against . . . Department of Highways in such sum as the Court shall deem equitable and just to compensate petitioner for damages sustained . . ." The Department filed an exception in which it contested plaintiff's right to any relief beyond a claim for the value of the property encroached upon, and contended that a boundary action was not available to plaintiff under the circumstances. The trial court overruled the Department's exception. The Department filed an exception of prescription which was apparently referred to the merits and the matter proceeded to a trial with a resulting judgment in favor of plaintiff for $3600 as the value of the land taken, $2880 for rental of the property for approximately eight years in which the State had the use of the land prior to the date of the judgment, and $3720 attorney's fees in accordance with LSA R.S. 13:5111. By implication the trial court overruled the Department's exception of prescription. The trial court dismissed the suit against Joseph J. Janusa. From this judgment the Department has appealed but plaintiff has neither appealed nor answered the Department's appeal.
In this court the Department specifies errors in the trial court's decision in, 1) refusing to dismiss plaintiff's boundary action on its exception of no cause of action; 2)fixing the value of the land taken at $3600 and awarding eight years of rental; 3) failing to dismiss plaintiff's petition on the exception of prescription; and 4) awarding attorney's fees to plaintiff.
In an act of sale of November, 1959, plaintiff sold and the Department acquired 11.4 feet of Lot 7 fronting on Waldron Street by 120 feet, between equal and parallel lines, for a total of 1368 square feet. The survey by Palmer and Baker Engineers, Inc. dated November 8, 1957, showing the property taken and the entire project in the vicinity thereof, shows the south right-of-way boundary as taking only 11.4 feet of plaintiff's property and leaving plaintiff with the balance of his property, consisting of the remainder of Lot 7 (originally 20 feet front) and all of Lot 6 measuring 20 feet by 120 feet. However, on *428 March 23, 1976, plaintiff had his property surveyed by J. J. Krebs & Sons, Inc. and discovered that the highway had actually taken by fencing in all of Lot 7 and all but 5.58 feet of Lot 6, whereupon he instituted these proceedings on May 21, 1976.
The Department's exception of no cause of action was properly overruled. Although plaintiff was not entitled to a boundary action and although his petition speaks of damages for trespass his case is essentially a claim for the value of his land actually taken by the Department. Thus, his cause of action is the same as that asserted in such cases as Chenevert v. Louisiana State Dept. of Highways, 345 So.2d 960 (La.App. 4th Cir. 1977), Reddel v. State, through Dept. of Highways, 340 So.2d 1010 (La.App. 4th Cir. 1976), and Cruell v. Jefferson Parish, 216 So.2d 604 (La.App. 4th Cir. 1968). Construing plaintiff's petition as such is consistent with C.C.P. Art. 865's rule that every pleading shall be construed as to do substantial justice.
Turning to the exception of prescription, the Department urges that plaintiff's action was prescribed by the prescription of two years provided for in R.S. 9:5624 and R.S. 19:2.1(B); by three years as provided by R.S. 13:5111; or 10 years as provided by C.C. Art. 3544.
R.S. 19:2.1(B) is inapplicable since it applies to the claims for the value of property or damages as a result of expropriation which did not occur in this case. R.S. 9:5624 is likewise inapplicable because it applies to claims for private property damaged for public purposes. The essence of plaintiff's claim is not for damages but for the value of his land actually taken.
The applicable prescriptive period is provided by R.S. 13:5111:
"A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking."
The Department contends that the property was taken when it was fenced in 1971, so that the filing of this suit in 1976 was too late under a literal interpretation of the statute. However, we have made a reasonable interpretation considering the facts and circumstances of the case and concluded that prescription did not begin to run until March, 1976.
The act of sale by which the Department acquired plaintiff's property in 1959 was prepared by it and the description was based on its own survey. It represented to plaintiff that it was taking only eleven feet of his property. Since the property was not occupied by plaintiff, he was entitled to rely on the description in the act of sale. It would be unreasonable to charge plaintiff with the duty of discovering that the Department, twelve years later, would place the fence, not on the line which it designated as the proper location in its own acquisition, but instead some 25 feet farther within plaintiff's land. There is no evidence to show that any of the property adjacent to or in the vicinity of plaintiff's land was occupied or developed so that plaintiff had no reasonable point from which to measure or discover that the Department placed the fence in the wrong location. On these facts alone we would be inclined to hold that prescription did not begin to run until plaintiff's discovery from the survey in March, 1976, but this conclusion is supported by the jurisprudence.
*429 First, in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970) the court said the following with respect to C.C. Art. 3536's liberative prescription of one year:
"... Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
Suffice it to say that nothing happened to call plaintiff's attention to the Department's change in the location of the right-of-way.
Second, in Chenevert v. Louisiana State Department of Highways, 345 So.2d 960 (La.App. 4th Cir. 1977) this court was not presented with the precise question of the three year prescription under R.S. 13:5111, but, in considering whether the ten year prescription of C.C. Art. 3544 applied to an action identical to plaintiff's held that prescription begins to run on the date plaintiff has knowledge of the taking. The same result should follow here.
Third, we realize that the language of C.C. Art. 3544 is quite general:
"In general all personal actions . . . are prescribed by ten years."
Whereas R.S. 13:5111 is quite specific with the three years running "from the date of such taking." But we cannot ascribe to the legislature such a harsh intent which would deprive plaintiff under the circumstances present here from obtaining compensation for his land. When the statute was re-enacted in its present form by Act 434 of 1975, Subsection B was added to the statute as originally enacted by Act 121 of 1972. This new subsection provides:
"The rights of the landowner herein fixed are in addition to any other rights he may have under the constitution of Louisiana and existing statutes, and nothing in this Part shall impair any constitutional or statutory rights belonging to any person on September 12, 1975."
We interpret this to mean that plaintiff has the same rights as Chenevert had under the ten year prescription of Art. 3544 as interpreted by this court.
Finally, the Cartwright case contains a discussion of the doctrine of contra non valentem agere nulla currit praescriptio which is pertinent. The court observed that this doctrine applies where the debtor "has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt." The act of the Department in purchasing only eleven feet from plaintiff led him to conclude that this was the limit of its right-of-way in this undeveloped vacant area and created an equitable bar against the Department raising a three year prescriptive defense when it built beyond the eleven feet some eleven years later.
As to the value of the property, plaintiff on April 27, 1978, served the Department with a request for admissions of fact including the following:
"The fair market value of plaintiff's owned Lots 6 [sic], and portion of Lot 7 [sic], was at all times pertinent not less than the sum of $3600.00."
On May 1, 1979, the Department served the following answer on plaintiff:
"Fair market value of plaintiff's property allegedly encroached upon is not in excess of $1.00 per square foot at the time of the alleged appropriation."
Plaintiff then moved to contest the sufficiency of the Department's answer to the request invoking the following provisions of LSA C.C.P. Art. 1467:
"The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."
*430 In due course the court rendered judgment on plaintiff's rule ordering that the request be "deemed admitted."
Plaintiff offered no evidence to establish the value of the property but depended entirely on the action of the court regarding the request for admissions. In his reasons for judgment, now before us, the trial judge stated that the $3600 value was admitted by defendant. In this court the Department contends that plaintiff failed to carry his burden to prove the value of the land taken and insists that the action taken on the request for admissions standing alone is insufficient.
The procedure available to parties to serve requests for admissions, C.C.P. Arts. 1466-1468, is designed to relieve parties of the expense of proving that which is not seriously disputed and to relieve the courts from taking needless time to hear such matters. The language of Art. 1467 confers discretion on the trial court in the implementation of the procedure and such a decision should not be disturbed in the absence of an abuse of that discretion. The Department has not demonstrated such an abuse and we find none.
The request for admissions was simple admit that the value of the property taken was at all times at least $3600. The answer equivocated. Framed in terms of not more than one dollar per square foot it means little considering the wide variation between what plaintiff contended was taken and what the Department admitted taking. Furthermore, the one dollar figure was said to apply to the "time of the alleged appropriation" which might mean as of 1959 when the highway was staked out according to Mr. Wheat or any other date between then and 1976, when plaintiff filed suit. The court was clearly justified in holding that the answer did not comply with the rule of Art. 1467.
Furthermore, to agree with the Department on this point would frustrate the purposes of the procedure on admissions. Once the court exercised sound discretion in holding that the request was admitted by the Department the plaintiff and the court could indulge in the belief that further evidence on the subject was unnecessary. The issue was closed and the value established before trial.
On value, the Department has raised one other issue which should be addressed. It offered proof that all of the lots on the south side of the Interstate Highway, including plaintiff's, were short some frontage as a result of a surveying error made long ago when the subdivision was plotted. This error consisted of calling for more lots on the plan than available land on the ground would permit. We dismissed this argument in Chenevert v. Louisiana State Dept. of Highways, supra, and do so again here. There may be a problem as between plaintiff and all the other owners in the Subdivision but there is no problem as between plaintiff and the Department. Whether his original lots were together forty feet wide or a foot or two less the Department took his land and no one else's. The Department therefore owes him the value.
The next issue raised by the Department concerns the award to plaintiff of "rental" for the property by the Department for the eight years between the taking in 1971 and the date of judgment in 1979. The trial judge used a ten per cent of $3600 value for eight years to arrive at $2880. We find no basis in law or the jurisprudence for this approach. In Reddel v. State, through Dept. of Highways, supra, we held that the value of the property was determined as of the date when plaintiff acquired knowledge of the taking but plaintiff was entitled to interest from the date of the actual taking. This is reasonable since the Department had a right to take the property and should have compensated plaintiff at that time. Plaintiff was entitled only to his money and the penalty for non-payment of money is interest. The judgment will be amended to delete the "rental" of $2880 and award plaintiff legal interest from March 4, 1971, when the fence posts were installed.
Finally, the Department questions plaintiff's entitlement to attorney's fees of *431 $3720, but R.S. 13:5111 clearly provides for such an award. It provides that the "court. . . shall determine and award to the plaintiff . . . such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding." Plaintiff's attorney testified from detailed time records that he had spent 62.3 hours and his hourly rate as agreed to by plaintiff was $40 at the beginning and was raised to $60 as the case progressed. The award was supported by this testimony and was well within the discretion of the trial judge. However, the trial court's award of legal interest on the attorney's fee is not supported by the statute which provides that such an award will be "as a part of the costs of court."
Accordingly, the judgment appealed from is amended and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of James Harlan Powell and against the Department of Highways, State of Louisiana, in the full and true sum of Three Thousand Six Hundred and No/100 ($3600.00) Dollars, with legal interest from March 4, 1971, until paid, and all costs of these proceedings, including $3720.00 for attorney's fees.
AMENDED AND RECAST.
NOTES
[*] Due to the death of Judge Hood prior to rendition, but after his concurrence therein, except with respect to affirmation on the amount of attorney fees, this opinion is rendered unanimously by Samuel and Schott, JJ.