DOUCET, Judge.
Plaintiff, Johnny Barnhill, filed suit against defendants, Continental Dredging Company, John M. Andrews, and American General Insurance Company, for injuries and damages he allegedly sustained as a result of an automobile accident. Mrs. Johnny Barnhill, plaintiffs wife, also joins in this suit against defendants and is seeking damages for loss of consortium.
The facts show that on January 24,1985, plaintiff was traveling in a 1972 Ford Bronco pickup truck on “Twelve Mile Board Road” in Caldwell Parish, Louisiana in a southerly direction. Defendant was traveling on this same road in a 1982 Ford custom pickup truck in a northerly direction. Plaintiff contends that he was traveling up a hill when he observed defendant coming from the opposite direction. Plaintiff admits that at this time he was traveling in the center of the roadway, over the imaginary center line but that he gradually steered his vehicle to his side of the road in anticipation of defendant’s vehicle and an upcoming curve. Plaintiff alleges that he was traveling 25 m.p.h. Plaintiff further alleges that he next observed defendant’s vehicle sliding sideways and that defendant seemingly regained control of his vehicle when it jerked back into his lane of travel, causing a collision.
Defendant, on the other hand, contends that he was traveling 35 to 40 m.p.h. and spotted plaintiff coming from the opposite direction in his lane of travel. Defendant adds that his first response was to steer to the inside of the curve but that he was cut off by several trees. Defendant contends that at this point, he was forced to apply his brakes to avoid a head-on collision with plaintiff. When defendant applied his brakes, he skidded, which prevented him from steering his vehicle. Defendant adds that Barnhill swerved to his right at the last instant before impact to avoid colliding with defendant’s vehicle. The collision ensued.
A trial by jury was held and the jury found in favor of defendants and against plaintiffs. The District Court signed a judgment in accordance therewith.
The first issue presented by this appeal is whether defendant, Andrews, was negligent or at fault. The trial court found that *148 he was not. Plaintiffs urge that the trial court erred in this respect. We disagree.
As previously stated, defendant urges that he was traveling uphill on “Twelve Mile Board Road” in a northerly direction. Defendant further adds that he first saw plaintiff coming from the opposite direction about 50 feet away. At this time, defendant observed that plaintiff was traveling over the imaginary center line of the road. Defendant tried to steer to the inside of the curve but was cut off by a row of large oak trees on the inside of the curve. Defendant was then forced to apply his brakes which caused the truck to skid which prevented him from steering his vehicle. Defendant further alleges that at the last instant, plaintiff jerked back into his lane of travel and the collision occurred.
State Trooper Glen D. Guillory of Troop F assisted the Caldwell Parish Sheriff’s Department in investigating the accident scene. Guillory testified that based on the tire tracks and photographs, and other evidence at the scene, it was clear that as plaintiff topped the hill, his vehicle was traveling over the imaginary center line of the road. Guillory added that when defendant first observed plaintiffs vehicle in his lane of travel, defendant applied his brakes and due to loose road surface, slid, which caused him to lose control of the vehicle. Moreover, Guillory testified that plaintiff had more room to work with since there were no obstructions on his side of the road and could have veered to the right. Guillory opined that defendant could not veer to the right to avoid the accident because of the obstruction that the line of oak trees caused. Guillory added that defendant’s only choice was to veer to the left toward plaintiff’s lane of travel.
Deputy Sheriff William Thompson of Caldwell Parish also investigated the accident. Deputy Thompson testified that “Twelve Mile Board Road” contains approximately 16 feet of actual driving surface. Deputy Thompson estimated that neither plaintiff nor defendant were traveling over 40 to 45 m.p.h. and that as far as he knows, the speed limit on “Twelve Mile Board Road” is 55 m.p.h. Moreover, Thompson testified that plaintiff’s tire tracks indicated that he was left of the center line at at one point but that he was back on his one-half of the road at the point of impact. Thompson further testified that there were no obstructions on plaintiff’s side of the road and nothing would have prevented him from veering to the right. Thompson stated that unlike plaintiff, defendant had obstructions and due to these obstructions had very little room to work with. Additionally, based upon the evidence at the scene, Deputy Thompson concluded that defendant skidded in a fairly straight traction and there was no evidence of fishtailing. Finally, Trooper Guillory testified that in his opinion, both drivers were left of center when they saw each other. By way of deposition, Deputy Thompson added that defendant “had to do something” when he observed plaintiff driving left of center.
While we are aware that a high burden of proof is required of the defendant driver who leaves his own lane and collides with another car in its correct lane of traffic and that the driver must show by clear and convincing evidence that his sudden presence in the opposite lane was due to unexpected and unforeseen circumstances over which he had no control, Brannon v. Shelter Mutual Insurance Company, 507 So.2d 194 (La.1987); Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957), we find that the record reflects that the defendant carried this burden of proof. As such, we will not disturb the lower court’s findings on appeal with respect to this issue.
We will next address the issue of alleged juror and witness misconduct. Plaintiffs first contend that the trial judge erred when it refused to grant plaintiffs’ motion to recuse juror Sandra Walsh, and that the trial court judge was also in error when it refused to grant plaintiffs’ motion for a new trial and refused to declare a mistrial. We disagree.
Juror, Sandra Walsh, was employed at the LaSalle General Hospital and Hardtner Medical Center as a registered nurse. Ms. Walsh made statements to others while at work and outside the presence of the jury *149 concerning the instant suit. Plaintiffs urge that Ms. Walsh stated that she did not like jury duty because it was time consuming and that a nurse should not be on a jury involving a back injury case. Ms. Walsh also stated that in her opinion, she did not believe that anybody had back pain unless she “saw blood and guts.” It is also urged by plaintiffs that Ms. Walsh acted improperly when she had conversations with Sheriff McGuffee and several deputies.
We find, as did the trial court judge, that “even assuming the derogatory statements were made as alleged by plaintiff, there is no evidence to indicate that such statements outside the jury in any way influenced the jury verdict.” As such, we find this argument to be without merit.
Plaintiffs next contend that there was witness misconduct when the legal assistant for defense counsel violated the sequestration order and had a conversation with Deputy Thompson during a recess in the trial. It was admitted that Deputy Thompson and the legal assistant did engage in some conversation, however, there is not one shred of evidence which indicates that the legal counsel assisted or influenced Deputy Thompson in his testimony in any way. As such, this assignment of error lacks merit.
Plaintiffs next assert that there was juror misconduct when juror Opal Kennedy visited the accident scene to observe the conditions present. Once again, we find that this conduct alone does not constitute juror misconduct. Thus, this assignment of error lacks merit.
Plaintiffs further urge that there was improper juror misconduct when “Juror Ratcliff appeared to have gotten miffed when an assistant for plaintiff’s counsel would not respond to his overtures of am-menities.” Juror Ratcliff testified that he did not engage in conversation with the legal assistant during the trial. Thus, it is illogical to assume that he would take offense with the legal assistant. Thus, this assignment of error is without merit.
Plaintiffs next assert that following the court's consideration of the motion to re-cuse Juror Walsh and motion for a new trial the court prohibited counsel from communicating with the jurors which made it impossible to prove misconduct. We disagree. While counsel was originally prohibited from interviewing the jurors, the court subsequently ameliorated the order and allowed counsel to investigate the jury. Thus, this contention lacks merit.
In plaintiffs’ next assignment of error, they assert that several photographs taken by Trooper Guillory of the scene were missing and that someone received and retained possession of the photographs and their negatives in violation of a subpoena duces tecum. We disagree.
As correctly stated by the trial court judge in his written reasons for judgment on motion for a new trial:
“Troper [sic] Glen Guillory of the Louisiana State Police was the officer who worked the accident in question. He testified that he took two rolls of 35mm exposure film. Each roll maintained 12 exposures. Although there appears to be some confusion as to exactly where the pictures initially went, they wound up in the District Attorney’s office in Caldwell Parish, Louisiana. Henry Wayne Boyles, the District Attorney’s investigator made 2 copies from the picture negatives and sent one set to the claims representative for one of the insurance company [sic] named as DEFENDANTS. On August 16, 1985, he took the other set of copies, and forwarded them to the Attorney for PLAINTIFF.
Seventeen photographs were presented in court, although no negatives were presented. Of the seventeen, four were what is referred to as “shoot-outs.” These “shoot-outs” represent pictures which were taken simply to complete a roll of film and had nothing to do with the accident. Two of the “shoot-outs” had exactly the same defect on the picture face and the other two “shoot-outs” appeared to be duplicates of each other.
An additional picture was duplicated in the seventeen photographs and appears to be one which was kept in the posses *150 sion of Wiliam E. Thompson at the time of his deposition.
The Court finds that more probably than not, Trooper Guillory is mistaken and he only took one roll of 12 exposures. This best can be explained by reviewing the exposure available at trial. If one assumes that the four “shootouts” are merely duplicates prepared by Henry Wayne Boyles and not forwarded to Mr. Sanders or the insurance representative since they had no relation to the accident, the seventeen exposures actually became fifteen. Additionally, when one subtracts the extra picture which was presented, the total number of original exposures reflect only fourteen. Considering such, it is not uncommon, with appropriate winding, to obtain fourteen exposures from a 12 exposure roll of 35mm film. Both parties to this litigation have seemed to hint to the Court that the other was withholding some of the “extra” photographs taken by Trooper Guillory. The Court finds there is no evidence either side is withholding these photographs and the most reasonable explanation is the fact that they do not exist.”
Finally, with regard to the missing photographs, plaintiffs contend that they served American General and John M. Andrews with a request for admission of fact and that neither of the two parties answered, nor did they request an extension of time. Plaintiffs urge therefore, that the request is deemed admitted as to these two parties. We disagree.
Plaintiffs’ request for admission was filed after the trial on the merits. As correctly stated by defendants in their appellate brief, “... the use of request for admissions ... was designed to relieve the parties of the expenses of proving that which was not seriously disputed, and in essence, to relieve the court from taking needless time to hear such matters. Powell v. Department of Highways, 383 So.2d 425 (La.App. 4th Cir.1980), writ denied 389 So.2d 1129 (La.1980). As further stated in New Orleans Public Service, Inc. v. Checker Cab Company, 332 So.2d 489 (La.App. 4th Cir.1976), these articles were designed to require admission of facts which were not to be disputed at trial so as to eliminate time, trouble and expenses of proving uncontroverted facts.”
Further, defendants state: “That plaintiffs’ efforts to utilize a discovery tool after a week-long jury trial is unsupported by our jurisprudence. In addition, a review of the pleadings indicates that at no time prior to the trial did plaintiff utilize available discovery pleadings regarding available photographs.” Such discovery pleadings were not necessary in view of the fact that plaintiff had access to such photographs as did defendants through the Louisiana State Police office. Thus, we find this assignment of error to be without merit.
Based on the above and foregoing, we find that the law and evidence clearly supports the jury’s findings. As such, we will not disturb the jury’s findings on appeal.
Having found defendant to be free from negligence or legal fault pretermits the discussion of damages.
Accordingly, the judgment of the district court is affirmed at plaintiff/appellant’s cost.
AFFIRMED.
FORET, J., dissents and assigns written reasons.