# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-498


**TD AUTO FINANCE, LLC**

**VERSUS**

**PERRY W. MYLES**


**\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20163142
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

## JONATHAN W. PERRY

## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Terry McGlothen**
**The McGlothen Law Firm, LLC**
**221 Rue De Jean, Suite 136**
**Lafayette, LA 70508**
**(337) 247-7531**
**COUNSEL FOR APPELLANT:**
    **Perry W. Myles**

**Michael L. Lancaster**
**Eaton Group Attorneys, LLC**
**309 North Blvd.**
**P. O. Box 3001**
**Baton Rouge, LA 70821-3001**
**(225) 378-3119**
**COUNSEL FOR APPELLEE:**
    **TD Auto Finance, LLC**

**PERRY, Judge.**

This is an appeal from a summary judgment in a proceeding for a deficiency judgment, in which the trial court granted judgment to the plaintiff-creditor. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 17, 2012, Prevailing Church[1] and Perry W. Myles ("Myles") bought a used 2007 Mercedes-Benz S-Class automobile from DZ Motors and entered into a retail installment sales contract for the purchase price, $40,864.00.[2] Contemporaneous with the execution of the retail installment sales contract, DZ Motors assigned its interest in the auto loan contract to TD Auto Finance, LLC ("TDAF"). Although monthly payments were made for the first thirteen months, payments then stopped.

After payment stopped, TDAF repossessed the vehicle and notified Prevailing Church at P.O. Box 391481, Solon, OH 44139 and Myles at 411 Dulles Drive, Lafayette, LA 70506 of the upcoming sale of the vehicle. Thereafter, TDAF notified Prevailing Church and Myles in writing that after applying the proceeds from the sale of the vehicle, a deficiency balance of $25,133.40 remained.

On June 18, 2015, TDAF, through its attorney, sent a demand letter to Myles for the unpaid balance together with accrued interest. After receiving no response, TDAF filed its petition on June 13, 2016, against Myles for the deficiency balance.

---

[1] From various other filings, it appears that William T. Hunt ("Hunt") appeared on behalf of Prevailing Church. However, we have not been able to discern the capacity in which Hunt appeared. It does also appear that Myles participated as a co-buyer in this installment sales contract.

[2] This retail sales contract was executed in the state of Ohio. The subsequent seizure and sale of the automobile took place in Ohio. No one argues that the laws of Ohio relative to these facts were not properly followed or that Louisiana law would have required any different treatment under the law.

On March 22, 2017, Myles, assisted by counsel, filed an answer and interposed a declinatory exception of insufficiency of service of process.

Accompanying TDAF's petition was a request for admission of fact regarding whether Myles had contracted for the purchase of the vehicle, whether the outstanding balance was correctly stated in the petition, and whether he had been notified of the sale of the vehicle and the proceeds raised from the sale as well as the amount of the deficiency. Myles denied the requests for admission of facts as written.

Later, TDAF filed a request for genuineness of documents and a request for the production of documents from Myles, asking him to admit or deny the genuineness of the attached application and loan agreement, the deficiency balance, and the detailed transaction history. TDAF further requested Myles to produce any documents that would indicate his disagreement with the loan agreement, the deficiency balance, and any document that would dispute the detailed financial transaction history. In response, Myles admitted he signed documents with Hunt, that he did not deny the deficiency balance or the transaction history report, that he was notified after the sale of the vehicle, and that he had no other evidence to present.[3] Nonetheless, Myles asserted in his response to TDAF's request that "[a]t

---

[3] In his answer to TDAF's request for genuineness of documents, Myles stated:

    1. I did sign documents with William T. Hunt but I was unemployed at the time these documents are dated.
    2. I do not deny the deficiency balance but I do deny when I was notified of this balance.
    3. I do not deny the transaction history report but I do deny receiving it when they alleged that I received it.

Myles further stated in TDAF's Request for Production of Documents:
    . . . .

    2. I do not have any other evidence.
    3. I do not have any evidence other than that they notified me of the sale after they sold the vehicle.

2

the time of the sale there was no disclosure that this vehicle had received [severe water damage; therefore] this sale is illegal and immediately terminated."

TDAF also submitted note interrogatories and surrender interrogatories. In response to the note interrogatories, Myles answered that he had no record of payment by him to reduce the deficiency balance; no funds had been advanced to him; he had no record to reflect any payments or credits; and he had never met to sign anything with this company.

In response to TDAF's surrender interrogatories, Myles answered under private signature, but not under oath, that no one sent him notice of abandonment or surrender of the vehicle; at the time of the contracts he was unemployed; he had earlier agreed to sign "in this process" but his circumstances changed; and when the vehicle was confiscated he was not given the opportunity to do anything.

On February 25, 2019, after the trial court denied the declinatory exception Myles filed in conjunction with his answer, TDAF moved for summary judgment.[4] TDAF offered the record and summary judgment attachments, as well as Myles's admission regarding the signing of the loan documents.

Myles filed a memorandum in opposition to the motion for summary judgment, attaching his affidavit and, inter alia, a flood report, his credit application, the credit application of his co-buyer, and the retail installment contract. Subsequently, TDAF filed a reply memorandum, attaching numerous supporting documents it had filed in connection with its motion for summary judgment.

After hearing oral argument, the trial court granted TDAF's motion for summary judgment, recognizing the $23,609.83 deficiency Myles owed, accrued interest of $58.96, additional interest of 4%, and attorney fees in the amount of 25%

---

[4] TDAF had filed an earlier motion for summary judgment on March 19, 2018. Although this motion was reset several times, the trial court neither heard nor ruled on that motion.

of the total of both principal and interest, as well as assessing the costs of the proceeding to Myles.

Myles appeals the trial court judgment, contending that genuine issues of material fact precluded summary judgment.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 06–363 (La. 11/29/06), 950 So.2d 544. It is well accepted that an appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 06–1181 (La. 3/9/07), 951 So.2d 1058. "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate." *Larson v. XYZ Ins. Co.*, 16-0745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

The burden of proof remains with the mover to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(D). The mover must present supportive evidence that the motion for summary judgment should be granted. *Robicheaux v. Adly*, 00-1207 (La.App. 3 Cir. 1/31/01), 779 So.2d 1048. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of proof shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. *Hayes v.*

4

*Autin*, 96–287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97–0281 (La. 3/14/97), 690 So.2d 41.

## ON THE MERITS

Myles contends that the motion for summary judgment was improvidently granted. He makes a twofold argument of contested fact urging that TDAF failed to make a prima facie showing that: (1) he signed the automobile contract loan or authorized anyone else to sign his name obligating him to pay the debt; and (2) he was served with notice of the proceedings before the vehicle was repossessed and sold.

At the hearing on its motion for summary judgment, TDAF entered into evidence the detailed installment sales contract which bears Myles signature as a co-buyer;[5] the affidavit of correctness of account that an official of TDAF executed; the notice sent to Myles after the vehicle was repossessed; and the statement sent to Myles after the sale which explained the amount left owing after the sale of the vehicle. In addition, TDAF submitted Myles's responses to various discovery requests, to-wit: his statement that he did sign the loan documents, that he did not deny the deficiency balance or the transaction history report, that he was notified after the sale of the vehicle, and that he had no other evidence to present. After examining these submissions, TDAF clearly established the initial retail sale contract, the amount of the outstanding deficiency remaining on the debt after crediting the proceeds of the sale after the vehicle was repossessed, that the various notices were provided to Myles, and that as a co-buyer of the vehicle, Myles was bound to repay the deficiency.

---

[5] "[A] party's signature on a contract establishes the presumption that he saw and understood the terms of the contract." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 98-193, p. 4 (La.App. 4 Cir. 9/30/98), 720 So.2d 372, 374.

To defeat summary judgment, the burden then shifted to Myles, who had the burden "to produce factual support sufficient to establish the existence of a genuine issue material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). Simply showing "the presence of disputed facts" is insufficient if there is no legal issue presented by those contested facts. *Franklin Credit Mgmt. Corp. v. Gray*, 07-1433 (La.App. 4 Cir. 1/14/09), 2 So.3d 598, 603, *writ denied*, 09-476 (La. 4/17/09), 6 So.3d 795.

In the present case, Myles submitted his affidavit in which he asserted that: (1) there were numerous false statements used to obtain credit and to purchase the vehicle in question; (2) he was not a member nor was he affiliated with Prevailing Church; (3) he was neither present at the time the credit application was completed nor did he reside in Ohio at that time; (4) he was neither present at DZ Motors when the credit application was executed nor did he give permission to use his personal information or sign his name to purchase the vehicle; (5) neither DZ Motors nor TDAF requested him to produce documents such as a driver's license to prove his identity; (6) he was not indebted to TDAF for the purchase of the vehicle; (7) even after TDAF was advised he was not a party to this contract, TDAF failed to conduct an investigation to determine the validity of his assertions; and (8) because it appears the signatures on the loan documents appear to have been written by the same person, TDAF should have further investigated his assertions. In conclusion, Myles asserted in his affidavit that there were numerous false statements in the credit application that DZ Motors relied upon in extending credit and that after having these falsities brought to its attention, TDAF "was negligent in failing to verify that I owed the debt in any capacity (Applicant or Co-Applicant)."

Myles made one further assertion in his memorandum in opposition to TDAF's motion for summary judgment. He asserts, based upon a December 19,

2013, vehicle evaluation of Mercedes-Benz of Willoughby, Ohio, that the purchased vehicle showed evidence of water damage and other like issues.

From the outset, we observe that when TDAF attached the loan application and the loan agreement to its request for admissions under La.Code Civ.P. art. 1466[6] and asked Myles to admit or deny their genuineness, Myles admitted he signed documents with Hunt; at the same time, Myles further admitted the deficiency balance and the transaction history. The purpose of the rule concerning the admission of facts is designed to eliminate the time, trouble, and expense of proving uncontroverted facts at trial by requiring the admission of facts not disputed. *New Orleans Public Service, Inc. v. Checker Cab Co.*, 332 So.2d 489 (La.App. 4 Cir. 1976). Although a party may be allowed to withdraw or amend admissions the party previously made, La.Code Civ.P. art. 1468; *see also Hoskins v. Caplis*, 431 So.2d 846 (La.App. 2 Cir. 1983), Myles never made such a request. In the absence of any request to withdraw his earlier admissions, Myles was bound by his earlier admissions, and his later statements to the contrary in his affidavit opposing TDAF's motion for summary judgment are without effect.[7]

We further note that to whatever extent Myles relied upon his answers to TDAF's note and surrender interrogatories in which he denied ever signing anything with the company, such reliance is improper for purposes of an opposition to a motion for summary judgment; simply stated, Myles's answers were not made under oath and there was no attestation made before a notary public that they were

---

[6] Louisiana Code of Civil Procedure Article 1466 specifically provides that a party's written request for admission, "include[s] the genuineness of any documents described in the request."

[7] Unlike the procedural rules relative to answers to interrogatories, there is no requirement in La.Code Civ.P. art 1467 that answers to a request for admissions be made under oath.

answered under oath. In *Terrell v. Town of Lecompte*, 18-1004, p. 9 (La.App. 3 Cir. 6/5/19), 274 So.3d 605, 612, Judge Cooks, speaking for this court, stated:

> Louisiana Code of Civil Procedure Article 966(A)(4) authorizes "answers to interrogatories" as one of the documents that "may be filed in support of or in opposition to the motion[.]" *Id*. As noted [in] Comment (c) to Article 966(A)(4) (emphasis added) states: "Article 1458 requires that interrogatories be answered under oath, **and only answers that are made under oath may be filed in support of or in opposition to a motion for summary judgment**." This indicates that only when interrogatories are answered under oath as required may they be used in support of or in opposition to a motion for summary judgment.

Lastly, error or mistake, fraud, and illegality are examples of affirmative defenses that "shall be set forth" in the answer. La.Code Civ.P. art 1005. Myles's contentions in his opposition to the motion for summary judgment fall into the category of affirmative defenses. It is well established jurisprudentially that affirmative defenses must be expressly pled in the answer. *Beslin v. Anadarko Petroleum Corp.*, 11-1523 (La.App. 3 Cir. 4/4/12), 87 So.3d 334. As this court previously noted in *Koonce v. St. Paul Fire,* 15-031 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1109-10, *writ denied*, 15-1950 (La. 11/30/15), 184 So.3d 36:

> The policy behind the requirement that affirmative defenses be raised in answer is sensible and laudable. Because affirmative defenses raise matters for judicial resolution outside of issues raised by plaintiff's petition, plaintiff must be made aware of these matters at an early stage so that plaintiff can prepare an opposition to the defense and adjust his case, if necessary, in light of the new facts and issues raised by the affirmative defense. If the affirmative defense is allowed despite the defense not being raised in answer, the result is a surprise "trial by ambush" that unfairly aids the defendant, who knew about the defense even though plaintiff was kept in ignorance of the defense.

*See also Rider v. Fontenot*, 463 So.2d 951, 956 (La.App. 3 Cir.1985); and *Patterson v. State*, 95–1668 (La.App. 3 Cir. 12/11/96), 685 So.2d 473, *writs denied*, 97–27, 97–108 (La. 2/21/97), 688 So.2d 513.

Our review of the record shows Myles failed to assert any affirmative defense in his answer. Had Myles pleaded these affirmative defenses in his answer, he would

have had the burden of proving them at trial. Not having pled these affirmative defenses in his answer, Myles cannot now contend that these are material facts that are a defense to TDAF's motion for summary judgment.[8] *See Gulf Coast Bank & Trust Co. v. Elmore*, 10-1237 (La.App. 4 Cir. 1/26/11), 57 So.3d 553; *Beslin*, 87 So.3d 334.

Because no genuine issue of material fact exists concerning Myles's liability to TDAF, summary judgment is appropriate. After conducting our de novo review of the summary judgment, we conclude the trial court correctly rendered judgment in favor of TDAF and against Myles for the full amount of the outstanding deficiency.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

---

[8] Where the defendant's answer fails to raise an affirmative defense, the law takes a liberal approach to the amendment of pleadings. *Reeder v. North*, 97-239 (La. 10/21/97), 701 So.2d 1291. As this court recognized in *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, *writ denied*, 15-1950 (La. 11/30/15), 184 So.3d 36, the amendment of pleadings should be liberally allowed so long as the movant acts in good faith and the amendment is not sought as a delaying tactic. During the course of this litigation, Myles was represented by Harold D. Register, Jr. from March 2, 2017, until Terry McGlothen enrolled as counsel on June 18, 2018. At no time did either of his attorneys seek to amend his answer. Compare, *Danna v. Barq's, Inc.*, 612 So.2d 253, 255 (La. App. 4 Cir. 1992):

> Plaintiff asserts that defendant's affirmative defenses are barred. The court granted defendant leave of court to amend its answer and assert its affirmative defenses. The amended answer was filed before the grant of summary judgment and defendant relied on these defenses in its memorandum in opposition to summary judgment. Therefore, the defenses were timely and properly considered in the motion for summary judgment.